IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CASE NO. 1:CR-06-170**
:
:
**v.** :
:
:
**DION MUTH** :

## **M E M O R A N D U M**

Before the court is a motion filed by Defendant Dion Muth pursuant to 28 U.S.C. § 2255. Muth seeks to have this court correct his federal sentence which he is currently serving because he claims the sentence was improperly enhanced as a result of an error in classifying him as a career offender. He claims this classification error resulted from the improper conversion of a state court misdemeanor conviction for simple assault into a felony conviction. (*See* doc. 62, ¶ 11(a)(5).)

Muth entered a guilty plea to the offense of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and was sentenced on January 26, 2007 to a term of imprisonment of 150 months. (Doc. 47). On July 24, 2008, Muth filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), (doc. 49), based on the retroactive amendment by the United States Sentencing Commission to the sentencing guidelines concerning crack cocaine. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). By order dated April 17, 2009, this court denied Muth's motion on the basis that he is a career offender who is not entitled to the benefit of the guideline amendment. (Doc. 54 (citing *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009).) On appeal, the Third Circuit Court of Appeals

affirmed. (Doc. 61-2.) In its opinion, the Third Circuit noted that, "Muth acknowledges that *Mateo* is controlling, but he appeals this decision for the purpose of preserving this issue for future review." (*Id.* at pp. 2-3.)

On October 21, 2010, Muth filed a petition pursuant to 28 U.S.C. § 2241,[1] raising the same issues as those presented in the instant motion. That action was dismissed on November 19, 2010 without prejudice. Muth now brings the issues raised in the § 2241 motion in a motion filed pursuant to 28 U.S.C. § 2255.

A motion filed pursuant to 28 U.S.C. § 2255 must be filed within one year of the occurrence of certain events, 28 U.S.C. § 2255(f). In this instance, it would be one year after the judgment of conviction was final. Muth's judgment of conviction was entered on January 26, 2007. He did not appeal; hence, the time to file a writ would end February 5, 2008. Thus, the motion is untimely.

In his motion, Muth claims he is claiming actual innocence and his claim is not time barred. (Doc. 62, ¶ 18.) To the extent that Muth is claiming that he is actually innocent of the charges of which he was convicted in state court, the proper method for him to have challenged that conviction would have been to file a direct appeal or a petition for collateral relief in the state courts. After pursuing state remedies, to the extent that he claimed his conviction was obtained in violation of the Constitution, it would have been proper for him to pursue federal review via a petition pursuant to 28 U.S.C. § 2254. *Johnson v. Rosemyer*, 117 F.3d 104 (3d Cir. 1997). This court is without jurisdiction to address his current motion.

---

[1] *See Muth v. Ebbert*, No. 4:10-CV-2183 (M..D. Pa.).

The instant petition is not properly before this court and therefore will be dismissed. An appropriate order will be issued.

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated: March 30, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CASE NO. 1:CR-06-170**
                               :
         **v.**                           :
                               :
**DION MUTH**                  :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) The petition for writ of habeas corpus (doc. 62) is dismissed.

    2) This court declines to issue a certificate of appealability.

    3) The Clerk of Court shall close the file.

                                                   s/Sylvia H. Rambo
                                                    United States District Judge

Dated:  March 30, 2011.